COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


BENNETT MINERAL COMPANY
AND
ALEXSIS RISK MANAGEMENT SERVICES

                                        MEMORANDUM OPINION*
v.    Record No. 0615-95-2                  PER CURIAM
                                          AUGUST 8, 1995
THOMAS BROACHE, JR.


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (Cathie W. Howard; Williams & Pierce, on brief), for
                appellants.  Appellants submitting on brief.

                (B. Mayes Marks, Jr., on brief), for appellee.
                Appellee submitting on brief.


        Bennett Mineral Company ("employer") contends that the

Workers' Compensation Commission erred in (1) finding that Thomas

Broache, Jr.'s bilateral carpal tunnel syndrome qualifies as a

compensable occupational "disease" under Code § 65.2-400; and (2)

denying employer's request to take post-hearing de bene esse

depositions of Drs. Mark Rosenberg and Glenn J. Spiegler.

Finding no error, we affirm the commission's decision.

        The facts are not in dispute.  Broache worked for Bennett

Mineral Company ("employer") for twelve and one-half years as a

laborer and janitor.  His job required repetitive use of his

hands filling and wrapping bags of kitty litter on an assembly

_____

        *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.


1

line.  In late January 1994, he was required to fill forty to fifty pallets of bags per day.  Each pallet contained eighty-four bags.  While performing this job, he began to feel pain and tingling in his hands and wrists and sought medical treatment.

Dr. Rosenberg diagnosed Broache as suffering from carpal tunnel syndrome.  On April 27, 1994, Broache underwent right carpal tunnel release surgery by Dr. Spiegler.  In response to a written question from Broache's counsel as to whether claimant's bilateral carpal tunnel syndrome was an occupational disease arising out of and in the course of his employment, Drs. Rosenberg and Spiegler answered in the affirmative.  The record contains no evidence suggesting that Broache had substantial exposure to repetitive hand activities outside of his employment.

The commission found that Broache's carpal tunnel syndrome was an occupational disease that arose out of and in the course of his employment.  The employer contends that the physicians' responses to the written question, standing alone, were insufficient medical evidence to support the commission's finding that Broache's condition is a "disease."

In Merillat Industries, Inc. v. Parks, 246 Va. 429, 436 S.E.2d 600 (1993), the Supreme Court held that the Workers' Compensation Act "requires that the condition for which compensation is sought as an occupational disease must first qualify as a disease."  246 Va. at 432, 436 S.E.2d at 601.  This Court defined "disease" as

    any deviation from or interruption of the normal

2

> structure or function of any part, organ, system (or combination thereof) of the body that is manifested by a characteristic set of symptoms and signs and whose etiology, pathology, and prognosis may be known or unknown.

Piedmont Mfg. Co. v. East, 17 Va. App. 499, 503, 438 S.E.2d 769, 772 (1993) (quoting Sloane-Dorland Ann. Medical-Legal Dictionary 209 (1987)). The commission also has used a similar definition. See Fletcher v. TAD Technical Servs. Corp., VWC file 150-41-13 (March 12, 1992). "The word 'disease' has a well-established meaning, and . . . no significant disparity exists among the definitions of that term promulgated by various authorities." Commonwealth, Dep't of State Police v. Haga, 18 Va. App. 162, 165, 442 S.E.2d 424, 426 (1994).

"Upon appellate review, the findings of fact made by the . . . Commission will be upheld when supported by credible evidence." Id. at 166, 442 S.E.2d at 426. Drs. Rosenberg and Spiegler both agreed that Broache's carpal tunnel syndrome was an occupational disease. Their diagnoses satisfy the definition of disease enunciated in Piedmont. Thus, credible evidence supports the commission's finding that Broache's condition was an occupational disease.

At the hearing, the employer objected to the admissibility of the responses of Drs. Rosenberg and Spiegler to the written question. The employer also asked that it be permitted to take the post-hearing depositions of these physicians. The record shows that the employer received the physicians' responses to the

3

written question at least two weeks before the hearing date. Prior to the hearing, employer never asked to propound interrogatories or take the physicians' depositions. Accordingly, we hold that the record does not establish that the commission abused its discretion in denying employer's request to take post-hearing depositions and in admitting the physicians' responses to the written questions.

For the reasons stated, we affirm the commission's decision.

<u>Affirmed.</u>